■ FRANCIS MECHNER et al., Appellants, v FREDERICK W. KANTOR,

Respondent, et al., Defendants.—Order, Supreme Court, New York County, entered May 2, 1977, which conditionally granted defendant and impleading plaintiff-respondent's motion to dismiss the plaintiffs' complaint and denied plaintiffs' cross motion for discovery, unanimously modified, on the law and the facts and in the exercise of discretion, to provide that the defendant may, within 30 days after the service upon him of a copy of the order entered hereon with notice of entry, serve a demand for interrogatories, or in the alternative, a notice for taking an oral deposition, pursuant to article 31 on disclosure of the CPLR, and upon the receipt of the answers to said interrogatories or the completion of the examination before trial, shall within 20 days thereafter serve and file an amended answer, and the time for the defendant to serve such an amended answer is extended to that extent. Thereafter, the plaintiffs may examine the said defendant and impleading plaintiff-respondent, if so advised pursuant to article 31 of the CPLR. Further, the motion to dismiss the plaintiffs' complaint unless there is compliance with the order entered January 21, 1977, is denied. The order appealed from is otherwise affirmed, all without costs and without disbursements. Appeal from order, Supreme Court, New York County, entered January 21, 1977, which granted the motion of the defendant and impleading plaintiff-respondent for leave to serve a demand for a bill of particulars and for an extension of time to answer, unanimously dismissed as academic, without costs and without disbursements, in view of the fact that the answer has already been served. We have here a tangled web of motions and countermotions. The plaintiffs and the defendant and impleading plaintiff-respondent were allegedly in the business of promoting inventions and ideas developed by said defendant with the plaintiffs providing the capital and managerial expertise. It is contended that the defendant attempted to exclude the plaintiffs from any interest in said inventions and ideas and developments, and accordingly, an action was commenced. The answer contained various defenses, counterclaims and third-party claims. The defendant was directed to serve an amended answer and sought additional time to serve the answer and leave to demand a bill of particulars as to which patents and ideas the plaintiffs were claiming. However, the defendant did serve an amended answer, and therefore the appeal from the order of January 21, 1977 is dismissed as academic. The proper procedure now is for the defendant to obtain the specific information he needs for a further amended answer, to serve the amended answer, and then, in turn, to be examined in order for the plaintiffs to prepare their case for trial. Concur—Kupferman, J. P., Evans, Capozzoli and Lynch, JJ.